

**JAMES E. JOHNSON**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Martin Bowe**
*Assistant Corporation Counsel*
Tel: (212) 356-0894

October 2, 2020

**VIA ECF**
Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> The plaintiff having ignored the Order to produce billing records that should be readily producible is ordered to produce those records by October 9, 2020.  If the plaintiff fails to produce the records by that date, the case may be dismissed for failure to prosecute. So ordered.
>
> New York, New York    /s/ John G. Koeltl
> October 2, 2020             John G. Koeltl
>                                           U.S,.D.J.

Re:   *J.J. obo J.J. v. N.Y.C. Dept. of Educ.*, 20-cv-05214 (JGK)(SDA)

Dear Judge Koeltl:

    I am an Assistant Corporation Counsel in the office of Corporation Counsel James E. Johnson, attorney for Defendant in the above-referenced action wherein Plaintiff seeks attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq*. ("IDEA"), as well as for this action.

    I write to respectfully request that Plaintiff be ordered to explain why they have failed to comply with Your Honor's Order dated September 25, 2020, directing counsel to provide "relevant billing records by 9/29/20." (ECF No. 7), and to request any other relief the Court may deep appropriate, including the immediate provision of billing records by 6:00 p.m. today in the event this action is not dismissed.  Having not received the billing records by Sept. 29, on Sept. 30, 2020, at 9:39 a.m., Elizabeth Cordero with my office emailed Ms. Roller and asked "Pursuant to the Court's order, please provide our office with your billing paperwork immediately."

    As of the submission of this letter motion, no response to Ms. Cordero's email has been received, nor have billing records been received.

    It is ironic that Ms. Roller would proceed in this manner here: a federal action where liability is not at issue, and where the core issue to be decided, if the case does not settle, is the reasonableness of Ms. Roller's purported rate of $500.00 per hour for legal services performed (four years ago at an administrative proceeding).  Defendant submits that if motion practice becomes necessary here, this Court should give heavy weight to the type and quality of the legal

work exhibited by Plaintiff's counsel through excessive delay in providing *contemporaneous* billing records, and through the unexplained failure to follow this Court's Order.

I note that Ms. Roller was working yesterday, as evidenced by the 7:55 p.m. filing in another IDEA fees-only case pending before Your Honor, of a letter informing the Court that "After defendant has filed its answer, plaintiff will produce contemporaneous billing records as exhibits to my Rule 56 motion." *E.M. obo J.R. v. N.Y.C. Dept. of Educ.,* 20-cv-05610 (JGK)(KNF)(ECF No. 8). However, on Sept. 30, Your Honor had already granted Defendant's request to compel. *See* (ECF No. 7).

Accordingly, Defendant respectfully requests that the Court (1) order Plaintiff to explain why they failed to comply with Your Honor's Order (ECF No. 7), (2) order Plaintiff to provide billing records by 6:00 p.m. today or face dismissal of this action and to file proof of service by that hour, and (3) grant Defendant any other relief the Court may deep appropriate.

Thank you for considering these requests.

Respectfully submitted,

_/s/_
Martin Bowe
Assistant Corporation Counsel

cc:   Irina Roller, Esq. (via ECF)